UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUSSELL R. DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cv-03340-SEB-MJD |
| | ) |
| NANCY A. BERRYHILL, | ) |
| | ) |
| Defendant. | ) |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Russell R. Dean not entitled to Disability Insurance Benefits ("DIB") Supplemental Security Income ("SSI"). The Administrative Law Judge ("ALJ") denied Mr. Dean's application for DIB and SSI after concluding that Mr. Dean's residual functional capacity ("RFC") would allow him to perform past relevant work as a cashier or security guard. This case was referred to Magistrate Judge Dinsmore for initial consideration. On November 9, 2017, Magistrate Judge Dinsmore issued a report and recommendation suggesting that the Commissioner's decision be upheld because it was supported by substantial evidence and was otherwise in accord with law. This cause is now before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

1

## Standard of Review

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been

raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

**Discussion**

Mr. Dean objects to the Magistrate Judge's Report and Recommendation on a single basis, to wit, that the Magistrate Judge failed to consider his contention that the ALJ committed reversible error in failing to explain why he did not adopt Dr. Francis's opined overhead reaching and lifting restriction. [Dkt. 17.] As the sole challenge to the Report and Recommendation, we address only this argument, deferring to all other conclusions set forth in the Magistrate Judge's Report and Recommendation.

Mr. Dean contends, and the Commissioner concedes, that the ALJ erred by failing to explain why he did not accept Dr. Francis's overhead reaching and lifting restriction in determining Mr. Dean's RFC. Dr. Francis opined that Mr. Dean was unable to reach overhead. The ALJ found, instead, that Mr. Dean could perform occasional overhead reaching. [Dkt. 9-2 at 31.] Mr. Dean contends that the ALJ's failure to explain why he did not include Dr. Francis's overhead reaching and lifting restriction in Mr. Dean's RFC, despite giving the physician's opinion "great weight," was reversible error because Mr. Dean's past relevant work, which the ALJ determined he could perform, requires overhead reaching. Accordingly, had the ALJ included Dr. Francis's overhead reaching restriction within Mr. Dean's RFC, Mr. Dean would have been deemed unable to complete his past relevant work, and the ALJ's analysis would have moved to step five, requiring a determination of whether Mr. Dean could perform any relevant work within the national economy.

The Commissioner, however, argues that the ALJ's failure to explain the reason(s) he rejected Dr. Francis's opinion as to the overhead reaching restriction is harmless error. Under the doctrine of harmless error, the Court will not remand the case to the ALJ if it is convinced that the ALJ would reach the same result on remand. *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). Harmless error analysis is not "an exercise in rationalizing the ALJ's decision and substituting our own hypothetical explanations for the ALJ's inadequate articulation." *Id*. Because we agree with the parties here that the ALJ erred in failing to explain his reasoning, "[t]he question before us is now prospective—can we say with great confidence what the ALJ would do on remand . . . ." *Id*. An error is not harmless if the ALJ *might* reach the same conclusion after carefully considering the entire record, *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010); it is only harmless if a reasonable ALJ *would* reach the same conclusion on remand.

The parties disagree as to which part of the ALJ's analysis the harmless error doctrine applies. The Commissioner contends that the relevant question is whether a reasonable ALJ considering the entire record would reach the same conclusion on remand as to whether to include Dr. Francis's overhead reaching and lifting restriction as part of Mr. Dean's RFC. [Dkt. 14 at 5-7.] Mr. Dean, on the other hand, argues that the relevant question is whether a reasonable ALJ considering the entire record would reach the same conclusion on remand as to whether Mr. Dean could perform his past relevant work if he were to be limited to no overhead reaching as Dr. Francis opined. [Dkt. 17.] We agree with the Commissioner's position on this issue. *See McKinzey*, 641 F.3d at 892 (holding that an ALJ's failure to explain the weight she gave to a physician's opinion was

harmless error because no reasonable ALJ would reach a contrary decision on remand regarding the claimant's limitations).

Upon careful review of the evidentiary record, we hold that the ALJ's error in failing to "build an accurate and logical bridge from the evidence to his conclusion," *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), when rejecting Dr. Francis's overhead reaching and lifting restriction was harmless because the evidence in the record supports the conclusion that, on remand, no reasonable ALJ would reach a contrary decision regarding Mr. Dean's limitations.

The evidentiary record supports the ALJ's RFC determination. In his opinion, the ALJ discussed Mr. Dean's past partial rotator cuff tear, indicating that he had received surgery as treatment. [Dkt. 9-2 at 29; Dkt. 9-12 at 114.] There is sufficient evidence in the record supporting the conclusion that Mr. Dean's shoulder injury post-surgery did not fully restrict his overhead reaching capacity. Immediately post-surgery, Mr. Dean was given a fifty-pound weight restriction and a three-month lifting restriction, but those limitations were temporary and have since expired. [Dkt. 9-2 at 33; Dkt. 9-13 at 827.] Similarly, although three months post-surgery Mr. Dean was "not progressing how he should be" [Dkt. 9-12 at 805], by six months post-surgery he was "doing well with minimal pain" and his range of motion was "much better than before surgery." [Dkt. 9-9 at 509]. The ALJ's conclusion that Mr. Dean's partial rotator tear appeared to be appropriately treated by surgery [Dkt. 9-2 at 29], is therefore supported by the evidentiary record.

5

The ALJ also considered evidence from treating physicians and examining physicians regarding range of motion in Mr. Dean's neck and shoulders, none of whom opined that Mr. Dean's limitations included no overhead reaching or lifting. Treating physicians noted that, although during some examinations Mr. Dean had mild to moderate limitation of motion in his neck and upper extremities [Dkt. 9-2 at 30; Dkt. 9-11 at 691; Dkt. 9-9 at 511-12; Dkt. 9-13 at 903], at other times he had a full range of motion. [Dkt. 9-2 at 30; Dkt. 9-9 at 495; 501.] For example, Dr. Wang examined Mr. Dean's range of motion on November 19, 2012, one month after Mr. Dean's application was filed, and found a normal range of motion in both shoulders. [Dkt. 9-2 at 31; Dkt. 9-10 at 640, 645.] Dr. Wang did find mild tenderness in Mr. Dean's right shoulder [Dkt 9-2 at 31; Dkt. 9-10 at 640], but concluded only that Mr. Dean was unable to perform *frequent* overhead reaching, [Dkt. 9-10 at 642], not that he was unable to perform any overhead reaching or lifting at all. Consistent with Dr. Wang's assessment, the state agency medical consultants found that Mr. Dean could perform limited overhead reaching. [Dkt. 9-2 at 32; Dkt. 9-3 at 82, 94.] The ALJ also noted that x-rays done in 2013 on Mr. Dean's cervical spine did not show any significant increase in abnormalities. [Dkt. 9-2 at 30; Dkt. 9-12 at 722.]

In his report, Dr. Francis opined that Mr. Dean's maximum RFC based on degenerative disc disease, lumbar disc disease, bilateral shoulder impairments, and obstructive sleep apnea would be medium work. [Dkt. 9-2 at 47.] Dr. Francis limited the medium work by stating "[u]pper extremity use would probably be limited to no overhead use of either shoulder." [*Id*.] Dr. Francis also opined that the RFC could be

reduced to light work, if required by the evidence. [*Id.*] Although the ALJ gave Dr. Francis's opinion "great weight," he found that Dr. Francis "may not have fully considered the claimant's subjective complaints to the extent they are at least reasonable [*sic*] consistent with the objective medical evidence, clinic findings, treatment history, and [the plaintiff's] prior reports," [*Id.* at 32-33], and did not include Dr. Francis's overhead reaching and lifting restriction in Mr. Dean's RFC.

Mr. Dean contends that because Dr. Francis "was the only medical source who reviewed the entire record [, . . .] his opinion should have been given the most weight under the regulations." [Dkt 17 at 2.] However, Dr. Francis had neither examined nor treated Mr. Dean prior to giving his testimony. [Dkt. 9-2 at 44.] Dr. Francis did not examine, treat, or evaluate Mr. Dean's conditions more than one time. Additionally, Dr. Francis was not a specialist opining on his area of expertise. Thus, under the factors set forth in 20 C.F.R. § 404.1527(c)(1)-(6), the ALJ was not required to give more weight to Dr. Francis's opinion than to Dr. Wang's, an examining physician [Dkt. 9-10 at 637-640], or to Dr. Alcock's, a treating physician [Dkt. 9-11].

After reviewing the medical evidence and weighing the opinions of several medical professionals, the ALJ ultimately implemented the overhead reaching and lifting limitation opined by state agency physicians, Dr. Wang, and Dr. Alcock. The ALJ stated that the determined RFC would appropriately accommodate Mr. Dean's physical restrictions. Although the ALJ erred by failing to explain his reasons for not adopting Dr. Francis's overhead reaching and lifting restriction, the medical evidence in the record from state agency physicians, Dr. Wang and Dr. Alcock, as well as digital imaging and

7

the opinions of other treating physicians supports the conclusion that no reasonable ALJ would adopt Dr. Francis's opinion as to Mr. Dean's overhead reaching and lifting limitations because it is inconsistent with the record evidence as a whole. Accordingly, the ALJ's error is harmless and does not necessitate remand.

## Conclusion

For the foregoing reasons, we OVERRULE Mr. Dean's objections and ADOPT the result of the Magistrate Judge's Report and Recommendation with the additional supplementation set forth above.

IT IS SO ORDERED.

Date: 3/9/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Howard D. Olinsky
OLINSKY LAW GROUP
holinsky@windisability.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

8